## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF FLORIDA
## GAINESVILLE DIVISION

JINGXIN QUI,

      Plaintiff,

vs.                                  **CASE NO. 1:06CV197-SPM/AK**

MICHAEL CHERTOFF,
et al,

      Defendants.

_____/

## O R D E R

Plaintiff brings this cause *pro se*, and he has paid the filing fee. (Doc. 1). As such, he is responsible for serving the complaint upon the Defendants named therein.

Even though Plaintiff is not an attorney, he has elected to bring this lawsuit without counsel and must prosecute this action according to applicable rules and procedure. To aid in this effort, the court will direct Plaintiff to the applicable rule for service and will request the Clerk to forward a copy of the rule to Plaintiff for his reference. Plaintiff is reminded that Defendants must be served within 120 days from the date of the filing of the complaint. Fed. R. Civ. P. 4(m). The complaint was filed on October 2, 2006. (Doc. 1).

There are two ways to serve a Defendant, either through personal service (formal service), which means delivering a copy of the complaint and summons to the Defendants, or by requesting that the Defendants waive formal service.  The waiver of service is the most cost effective means of serving a Defendant.

To effect formal service of process, the Defendant must be personally delivered a copy of the complaint and a summons that will be issued to Plaintiffs by the Clerk of this court.  Such personal delivery may be made by anyone who is at least 18 years of age and is not a party to this action.

Alternatively, Rule 4(d) allows Plaintiff the option of sending an individual or corporate Defendant a notice of the commencement of the action and a request that the Defendant waive formal service of process.  Rule 4(d) does not apply when the Defendant is a state, municipal corporation, governmental organization, or a government officer or employee.  Plaintiff should refer to Rule 4(I) regarding service upon such Defendants.  If the Defendant fails to return the waiver form (which Plaintiff must enclose), Plaintiff must formally serve the Defendant, and the Defendant may be liable for costs of formal service.  Plaintiffs should thoroughly review Rule 4 before attempting service by either of the above methods.

Accordingly, it is

**ORDERED:**

1.  The Clerk shall forward to Plaintiff a copy of Fed. R. Civ. P. 4, and 4 copies of Form 1A so that Plaintiffs may request the Defendants to waive formal service, if applicable.

**No. 1:06CV197-SPM/AK**

2.  The Clerk shall also issue and forward Plaintiff a summons for the Defendants.  The summons shall indicate that the Defendants have sixty (60) days within which to respond if the Defendant is the United States, an agency of the United States, or an officer or employee of the United States sued in an official capacity.

3.  Plaintiffs are reminded that it is their responsibility to serve Defendants within 120 days of the filing of the original complaint.  Failure to timely serve Defendants in this case will result in a recommendation to the District Judge that the case be dismissed.

4.  After a response to the complaint has been filed by a Defendant, Plaintiff is required to mail to the attorney for the Defendants a copy of every pleading or other paper, including letters, submitted for consideration by the Court.  Plaintiff must include with the original paper to be filed with the Clerk of Court a certificate of service which states the date a correct copy of the paper was mailed to the Defendants or the attorney representing the Defendants.  Any paper submitted for filing after a response to the complaint has been filed by the Defendants which does not contain a certificate of service shall be returned by the Clerk and disregarded by the Court.

**DONE AND ORDERED** this **18th** day of October, 2006.


**s/ A. KORNBLUM**
**ALLAN KORNBLUM**
**UNITED STATES MAGISTRATE JUDGE**



**No. 1:06CV197-SPM/AK**